[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION re: PETITION TO TERMINATE PARENTAL RIGHTS
This is a memorandum of decision with respect to a petition to terminate the parental rights of James Joseph A., father of Samantha D. who was defaulted by the Court on November 16, 2000. A hearing took place on said date, at which time the Court received into evidence exhibits including a detailed psychological evaluation by Kelly F. Rogers PhD., and a social study for termination of parental rights dated July 5, 2000.
The petition for the termination of the parental rights of this child alleges that the child has been found in a prior proceeding to have been neglected and/or uncared for and that the father has failed to achieve such a degree of rehabilitation as would encourage the belief within a reasonable time, considering the age and needs of the child, he could assume a responsible position in the life of the child. Based upon the evidence submitted, the Court finds, by clear and convincing evidence, that such indeed is the case.
In addition to the foregoing, the Court finds by clear and convincing evidence the following factors:
There were timely services of an appropriate nature offered to the father and the child by the Department of Children and Families in order to facilitate the reunion of the child with the parent. Specifically, the father was offered services as provided through Alcoholics Anonymous, therapy through Dr. Mortimer and through Julie Harlow. He was offered substance abuse treatment and participated in treatment at the McCall Foundation, Lebanon Pines, Reid Treatment Center, and the Carnes-Weeks Center. In addition, the father received treatment for substance abuse at the Charlotte Hungerford Hospital, as well as case management services. CT Page 14894 The services have been timely and that they have been offered throughout the department's involvement with this child and this family. The respondent father has been unable to successfully address his long standing problem with substance abuse issues. In addition, he has addressed his mental health issues on a limited basis. He has not consistently been involved in therapy, and while he claims to attend self-help groups he has refused to verify his attendance.
The Court finds that the Department of Children and Families has made a reasonable effort to reunite the family pursuant to the Federal Child Welfare Act of 1980, as amended. In support of this finding, the Court notes the contents of the social study for termination of parental rights dated July 5, 2000 (state's Exhibit B)
The Court finds that in treatment plans made by the Department of Children and Families, the father had been expected to keep his whereabouts known to the department, to participate in regular visitation with his daughter as often as permitted, to meet with his therapist, to meet with his psychiatrist, to take medication as appropriate, to refrain from alcohol abuse, to attend Alcoholics Anonymous on a consistent basis, and to cooperate with breathalyser and/or random urines. As aforementioned, the respondent father has not complied with those expectations. In addition, the respondent father has not attended any of the three treatment plan reviews scheduled since 1999. The father's visitation with the child has been sporadic. He has frequently failed to show up at visitation, and has gone significant periods without seeing the child at all.
As to the child's ties to her father, they can best be described by a quote from the psychological evaluation of Dr. Kelly F. Rogers where the child says of her father "when he is not drunk he's so funny." The child went on to say that she's afraid of her dad coming near her when he's drinking because he is so wobbly. She recalls an incident where she got on his shoulders and she was dropped. She appears to have no active recollection of living with her father, and a very limited understanding of her relationship with her father. While the psychologist notes that there is a bond between father and, daughter, he notes that there is little evidence the father can reciprocate his daughter's emotional interest in him. The child is currently placed in her third foster home, and has been in the current home approximately fourteen months.
The child was born on May 16, 1990.
The father has made minimal efforts in order to adjust his circumstances, his conduct and the conditions of his life to make it in the best interest of the child to return to his care in the foreseeable CT Page 14895 future. As indicated above, the father has visited the child sporadically, and not at all for significant periods of time. He has not made any financial contribution to the child's maintenance and has not consistently recognized the child on special occasions such as birthdays or holidays. He has kept inconsistent contact with the Department of Children and Families. He has not procured housing nor has he held himself out to be an independent resource to the child since the department's first involvement with this child dating back to 1993. He has at times denied paternity of the child. He has failed to address his lifestyle, his significant and recurring problem with substance abuse, and has failed consistently to administer his mental illness.
The Court finds no evidence to suggest that the father has been prevented in any manner from maintaining a relationship with the child. Specifically, he has not been prevented from contact with the child by behavior of the child's other parent, by the unreasonable act of any person, nor by his economic circumstances. While the father is currently unemployed, the psychological report indicates that he is receiving Social Security Disability. In addition, the father has participated in "a million treatment facilities for alcohol." Only his actions have prevented him from maintaining a relationship with the child.
In light of the foregoing, the Court finds that it is in the best interest of the child for the Court to terminate the parental rights of James A. and the Court does terminate such rights.
Robaina, J.